935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul D. SMITH, Petitioner-Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents-Appellees.
 No. 90-1961.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 20, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Paul D. Smith brought this petition under 28 U.S.C. Sec. 2254 to challenge his 1979 conviction for second degree murder. He contended that his guilty plea was involuntary. The district court denied relief, and Smith appealed. We affirm.
 
 
 2
 The district court properly concluded that the state trial judge fully complied with the requirements of Boykin v. Alabama, 395 U.S. 238 (1969). The transcript of Smith's guilty plea and sentencing hearing indicates that the state trial judge advised Smith of his right to a jury trial, his right to confrontation, and his right against compulsory self-incrimination. The state trial judge also apprised Smith of the consequences of his plea. Smith stated that he read and understood the plea agreement, that he had an opportunity to review the plea agreement with his lawyer, and that he was prepared to plead guilty to second degree murder. When the state trial judge asked Smith if any promises were made to persuade him to plead guilty, he responded in the negative.
 
 
 3
 The record is devoid of factual support for Smith's allegations that a misstatement by his attorney in a separate proceeding confused him as to the nature of his plea, and that the state trial judge reneged on an oral agreement to accept a plea for involuntary manslaughter. During the sentencing hearing, the state trial judge asked Smith three different times if he wished to plead guilty to second degree murder. Each time Smith responded affirmatively. At no time did Smith give any indication that he thought he was pleading guilty to involuntary manslaughter, or that he thought the state trial judge had accepted such a plea. In fact, there was no discussion at all of a guilty plea for involuntary manslaughter.
 
 
 4
 For the foregoing reasons, Smith's challenge to his 1979 conviction for second degree murder fails.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record